

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| SLT:GMP | *271 Cadman Plaza East* |
| F.#2011R01661/NY-NYE-648Z | *Brooklyn, New York 11201* |

October 18, 2013

By Hand and ECF
The Honorable Dora L. Irizarry
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   United States v. Robert Bonura
>        Criminal Docket No. 11-486 (S-1)(DLI)

Dear Judge Irizarry:

The government respectfully submits this letter in advance of sentencing in the above-captioned case, which is scheduled for October 25, 2013.  For the reasons stated below, the government respectfully requests that the Court sentence the defendant within the applicable advisory Guidelines range of 8 to 14 months.

I.        Background

In June 2007, agents from the New York Organized Crime Drug Enforcement Strike Force ("OCDESF") began an investigation into a large-scale narcotics distribution organization that was responsible for distributing large quantities of marijuana, cocaine, MDMA and prescription opiates throughout the United States, Canada and Europe.  (Presentence Report ("PSR") ¶¶ 4-6).

During a meeting on July 2, 2010, between co-defendants Lance Schoner, Gjavit Thaqi, Nicholas Masi and Robert Karaqi that was convened for the purpose of delivering $180,000 in narcotics proceeds, Robert Bonura was observed alongside Schoner.  (PSR ¶ 35).  The investigation revealed that Bonura had been paid by Schoner to accompany him to the meeting to provide protection and to appear intimidating.  Id.

On February 7, 2013, the defendant pleaded guilty, pursuant to a plea agreement, to a lesser-included offense of Count Nine of the superseding indictment, charging the defendant

with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h).[1]

## II.   Discussion

### A.   Legal Standard

The Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 543 U.S. 220, 258-60 (2005).  However, the Supreme Court held in Booker that sentencing courts must consider the Guidelines in formulating an appropriate sentence. Id.  In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted).  Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, [a district court] may not presume that the Guidelines range is reasonable.  [A district court] must make an individualized assessment based on the facts presented."  Id. at 49-50 (citation and footnote omitted).

### B.   The Advisory Guidelines Range Is 8 to 14 Months

The Probation Department has determined that the defendant's adjusted offense level is 13, the defendant is in Criminal History Category I, and the advisory Guidelines sentencing range is 12 to 18 months' imprisonment. (PSR ¶¶ 81, 84, 117).  Although two of the co-defendants in the defendant's

---

[1]   While the defendant initially pled guilty on February 7, 2013, before the Honorable Joan M. Azrack, the Court did not accept the defendant's plea in light of the insufficiency of his allocution.  On March 21, 2013, the defendant re-allocuted to the offense contained in Count Nine, and the Court accepted his guilty plea at that time.

global disposition group did not plead guilty by the March 4, 2013 deadline, the government nonetheless supports a further two-point reduction for global disposition pursuant to Guidelines Policy Statement 5K2.0.  See id. ¶ 132.  Including this reduction, the resulting advisory Guidelines sentencing range is 8 to 14 months.

     C.    A Sentence Within the Advisory Guidelines Range of 8 to 14 Months is Appropriate

The government respectfully requests that the Court impose a sentence within the advisory Guidelines range of 8 to 14 months.  Pursuant to the plea agreement, however, the government takes no position where within the Guidelines range the defendant should be sentenced.  The defendant was an active participant in a prolific money laundering operation; nonetheless, he had a minimal role in the offense.  Thus, a sentence within the advisory Guidelines range of 8 to 14 months is appropriate to serve the specific and general deterrence goals of sentencing as well as provide adequate punishment for the offense.

IV.   Conclusion

For the reasons set forth above, the government respectfully asks the Court to sentence the defendant within the advisory Guidelines range of 8 to 14 months.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney
Eastern District of New York

By:    /s/
        Steven L. Tiscione
        Gina M. Parlovecchio
        Assistant U.S. Attorneys
        (718) 254-6317/6228

cc:  John J. Lanigan, U.S. Probation Officer (by E-mail)
     Eric Creizman, Esq. (by ECF)
     Clerk of Court (DLI) (by ECF)